UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHANNON C. ADAMSON, | CASE NO. C14-1804 MJP |
| Plaintiff, | ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT THAT WASHINGTON WORKER'S COMPENSATION STATUTES APPLY TO MS. ADAMSON |
| v. | |
| PORT OF BELLINGHAM, | |
| Defendant. | |

THIS MATTER comes before the Court on Plaintiffs' Motion for Summary Judgment that Washington Worker's Compensation Statutes Apply to Ms. Adamson (Dkt. No. 46) and Defendant Port of Bellingham's Cross-Motion for Summary Judgment that Washington Worker's Compensation Statutes Do Not Apply to Ms. Adamson (Dkt. No. 49). Having reviewed the motions, the consolidated Response (Dkt. No. 57), and the consolidated Reply (Dkt. No. 58), the Court hereby DENIES Plaintiffs' Motion and GRANTS Defendant's Motion.

ORDER ON CROSS MOTIONS FOR SUMMARY
JUDGMENT THAT WASHINGTON WORKER'S
COMPENSATION STATUTES APPLY TO MS.
ADAMSON- 1

## Background

The Court previously held that the case is proceeding under the Court's diversity jurisdiction and that Washington rather than maritime law applies to Ms. Adamson's personal injury claims against the Port of Bellingham. (Dkt. No. 35; Dkt. No. 44.)

The parties acknowledge that the question whether Alaska is subject to mandatory apportionment of fault under RCW 4.22.070 largely depends on whether RCW 51.12.100, the maritime-occupations provision of Washington's worker's compensation statute, excludes Ms. Adamson from coverage. (Dkt. No. 49 at 5–21; Dkt. No. 46 at 6–12.) See RCW 4.22.070(1) ("In all actions involving fault of more than one entity, the trier of fact shall determine the percentage of the total fault which is attributable to every entity which caused the claimant's damages except entities immune from liability to the claimant under Title 51 RCW[. . . .]").

Plaintiffs ask the Court to hold that Washington's worker's compensation statutes apply to Ms. Adamson (Dkt. No. 46), while Defendant asks the Court to hold that the statutes do not apply (Dkt. No. 49).

## Discussion

According to the maritime-occupations provision of RCW 51:

> Except as otherwise provided in this section, the provisions of this title shall not apply to a master or member of a crew of any vessel, or to employers and workers for whom a right or obligation exists under the maritime laws or federal employees' compensation act for personal injuries or death of such workers.

RCW 51.12.100(1). The statute goes on to discuss situations where the segregation of payrolls "of workers for whom such a right or obligations exists under the maritime laws" cannot be made accurately, see RCW 51.12.100(2); and to provide for repayment where the employee receives worker's compensation but later receives payment under the maritime laws, federal

ORDER ON CROSS MOTIONS FOR SUMMARY
JUDGMENT THAT WASHINGTON WORKER'S
COMPENSATION STATUTES APPLY TO MS.
ADAMSON- 2

employees' compensation act, or the Jones Act, see RCW 51.12.100(4); among other provisions not relevant here.

Plaintiffs argue that the statutory context and historic rationale for the exclusion from Washington's worker's compensation system of workers with remedies in admiralty indicates that Ms. Adamson, who does not have access to such remedies under the Court's prior orders, should not be excluded from coverage. (Dkt. No. 46 at 4–8.) The Court accepts that the basic rationale for the provision is to avoid double recovery under federal maritime law (which preempts contrary state law) and Washington worker's compensation system. As Defendant points out, however, resort to legislative purpose is generally not necessary where the plain meaning of the statute is clear. (See Dkt. No. 49 at 7–11.) (Similarly, the intent of the legislature in enacting RCW 4.22.070 (see Dkt. No. 57 at 17) is not relevant to the Court's interpretation of RCW 51.12.200 where the language of the latter statute is clear.) Here, Ms. Adamson is "a member of a crew of any vessel," so the provisions of RCW 51 do not apply.

RCW 51.12.200(2), concerning the accurate segregation of workers with access to maritime remedies, does not assist Plaintiffs. While it is a simple matter to segregate masters and crew members from other employees, the challenge for employers is predicting which other employees fit into the legal category of "workers for whom a right or obligation exists under the maritime laws." The subsection, which imports language directly from RCW 51.12.200(1) for that category of workers but does not discuss masters and crew members, acknowledges the challenge by providing an alternate calculation method. See RCW 51.12.200(2) ("If an accurate segregation of payrolls of workers for whom such a right or obligation exists under the maritime laws cannot be made by the employer, the director is hereby authorized and directed to fix from time to time a basis for the approximate segregation of the payrolls of employees to cover the

ORDER ON CROSS MOTIONS FOR SUMMARY
JUDGMENT THAT WASHINGTON WORKER'S
COMPENSATION STATUTES APPLY TO MS.
ADAMSON- 3

1 | part of their work for which no right or obligation exists under the maritime laws for injuries or
2 | death occurring in such work, and the employer, if not a self-insurer, shall pay premiums on that
3 | basis for the time such workers are engaged in their work.").

4 | To the extent resort to legislative purpose is warranted, the legislative history supports
5 | Defendant's interpretation of the modern statute. The statutory language was formerly more
6 | favorable to Plaintiff's argument that crew members are only excluded if they have rights under
7 | maritime law. (See Dkt. No. 49 at 12 (citing 1931 Wash. Sess. Laws 240–41 ("The provisions of
8 | this title shall apply to all employers and workmen, except a master or member of a crew of any
9 | vessel, engaged in maritime occupations for whom no right or obligation exists under the
10 | maritime laws for personal injuries or death of such workmen.")).) In 1960 the Washington
11 | Attorney General interpreted even this arguably ambiguous version of the statute to mean that
12 | certain crew members of vessels were excluded by this provision even though they could not be
13 | awarded damages under maritime law. (See Dkt. No. 49 at 12–13 (citing Wash. AGO 59–60 no.
14 | 159 at 7).) In 1975 the legislature amended the statute in a way that added a disjunctive "or"
15 | between the categories of masters and members of crews of vessels on the one hand and workers
16 | with rights under maritime laws on the other hand. 1975 Wash. Sess. Laws 734. The modern
17 | statute retains the disjunctive "or" and is clear in its exclusion of members of crews of vessels
18 | from the worker's compensation system.

19 | Plaintiffs further contend that the Washington State Department of Labor and Industries
20 | interprets the statute to cover crews of ferries on Lake Chelan, which a district court has held is
21 | nonnavigable as the term is defined by the Jones Act. (Dkt. No. 46 at 8–10 (citing Thompkins v.
22 | Lake Chelan Recreation, Inc., No. CS-94-206-FVS, 1995 WL 686674 (E.D. Wash. Jan. 4,
23 | 1995)).) The informal communications Plaintiffs cite—email exchanges with Department of
24 |

ORDER ON CROSS MOTIONS FOR SUMMARY
JUDGMENT THAT WASHINGTON WORKER'S
COMPENSATION STATUTES APPLY TO MS.
ADAMSON- 4

Labor and Industries employees—do not rise to the level of official state agency interpretations which might warrant some degree of deference from this court.

Plaintiffs also argue that the above interpretation of the statute violates the Privileges and Immunities clause because Ms. Adamson, a non-resident, is not covered, while a state employee would be covered. See U.S. Const. art IV, § 2, cl.1. They offer no case law to support this interpretation and the Court declines to reach the issue on this briefing.

## Conclusion

Because the language of RCW 51.12.200 excludes members of crews of vessels from Washington's worker's compensation system, the Court DENIES Plaintiffs' Motion (Dkt. No. 46) and GRANTS Defendant's Motion (Dkt. No. 49).

The clerk is ordered to provide copies of this order to all counsel.

Dated this 11th day of January, 2016.

Marsha J. Pechman
United States District Judge

Case 2:14-cv-01804-MJP   Document 62   Filed 01/13/16   Page 6 of 6